FILED
CLERK, U.S. DISTRICT COURT

06/02/2020

CENTRAL DISTRICT OF CALIFORNIA
BY:     DM          DEPUTY

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DENNIS MITCHELL (Cal. Bar No. 116039)
HEATHER C. GORMAN (Cal. Bar No. 258920)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
  1300 United States Courthouse
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-2484
  E-mail: dennis.mitchell@usdoj.gov
      heather.gorman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>      v.<br><br>UNITED STORM WATER, INC.,<br><br>    Defendant | No. CR 18-448(B)-DMG<br><br>PLEA AGREEMENT FOR DEFENDANT<br>UNITED STORM WATER, INC. |

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

  a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a four-count second

superseding information in the form attached to this agreement as
Exhibit A or a substantially similar form, which charges defendant
with negligently causing a violation of a pretreatment program
requirement, in violation of 33 U.S.C. §§ 1317(d), 1319(c)(1)(A) and
18 U.S.C. § 2(b).

      b.   Not contest facts agreed to in this agreement.

      c.   Abide by all agreements regarding sentencing contained
in this agreement.

      d.   Appear for all court appearances, surrender as ordered
for service of sentence, obey all conditions of any bond, and obey
any other ongoing court order in this matter.

      e.   Not commit any crime; however, offenses that would be
excluded for sentencing purposes under United States Sentencing
Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
within the scope of this agreement.

      f.   Be truthful at all times with the United States
Probation and Pretrial Services Office and the Court.

      g.   Pay the applicable special assessments at or before
the time of sentencing unless defendant has demonstrated a lack of
ability to pay such assessments.

      h.   At the time of sentencing, recommend and advocate that
the Court impose the sentence set forth in paragraph 11, below.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

      a.   Not contest facts agreed to in this agreement.

      b.   Abide by all agreements regarding sentencing contained
in this agreement.

1        c.   At the time of sentencing, move to dismiss the
2   underlying indictment as against defendant.  Defendant agrees,
3   however, that at the time of sentencing the Court may consider any
4   dismissed charges in determining the applicable Sentencing Guidelines
5   range, the propriety and extent of any departure from that range, and
6   the sentence to be imposed.
7        d.   At the time of sentencing, recommend and advocate that
8   the Court impose the sentence set forth in paragraph 11, below.
9                        CORPORATE AUTHORIZATION
10      4.   Defendant represents that it is authorized to enter into
11  this agreement.  On or before the change of plea hearing pursuant to
12  this agreement, defendant shall provide the USAO and file with the
13  Court a notarized legal document certifying that defendant is
14  authorized to enter into and comply with all of the provisions of
15  this agreement.  Such legal document(s) shall designate a company
16  representative who is authorized, and shall also state that all legal
17  formalities for such authorizations have been observed.
18              ORGANIZATIONAL CHANGES AND APPLICABILITY
19      5.   This agreement shall bind defendant, its successor entities
20  (if any), parent companies, and any other person or entity that
21  assume the liabilities contained herein ("successors-in-interest").
22  Defendant, or its successors-in-interest, if applicable, shall
23  provide the USAO and the United States Probation and Pretrial
24  Services office with reasonably prompt notice of any name change,
25  business reorganization, sale or purchase of assets, divestiture of
26  assets, or similar action impacting their ability to pay the fine or
27  affecting this agreement.  No change in name, change in corporate or
28  individual control, business reorganization, change in ownership,

merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this agreement.  Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

<u>NATURE OF THE OFFENSES</u>

6.    Defendant understands that for defendant to be guilty of the crimes charged in counts one through four, that is, negligently causing a violation of a pretreatment program requirement, in violation of Title 33, United States Code, Sections 1317(d), 1319(c)(1)(A) and 18 U.S.C. § 2(b), the following must be true: (1) a publicly owned treatment works ("POTW") had a pretreatment program that was approved by the United States Environmental Protection Agency under Title 33, United States Code, Section 1342(a)(3); (2) one requirement of the pretreatment program was to not discharge wastewater containing more than three milligrams per liter of arsenic; (3) defendant failed to use reasonable care in committing some act, for example, failing to inform a source about the arsenic content of wastewater after being notified that the wastewater contained more than three milligrams per liter of arsenic; and (4) defendant's failure to use reasonable care caused the source or the POTW to violate a pretreatment program requirement by discharging wastewater that contained more than three milligrams per liter of arsenic.

<u>PENALTIES</u>

7.    Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 33, United States Code, Sections 1317(d), 1319(c)(1)(A) and 18 U.S.C. § 2(b), is: a five-year period of probation; a fine of $200,000 or twice the

gross gain or gross loss resulting from the offense, whichever is
greatest; and a mandatory special assessment of $125.

8.   Defendant understands, therefore, that the total maximum
sentence for all offenses to which defendant is pleading guilty is: a
five-year period of probation; a fine of $800,000 or twice the gross
gain or gross loss resulting from the offenses, whichever is
greatest; and a mandatory special assessment of $500.

FACTUAL BASIS

9.   Defendant admits that defendant is, in fact, guilty of the
offenses to which defendant is agreeing to plead guilty.  Defendant
and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support pleas of guilty
to the charges described in this agreement but is not meant to be a
complete recitation of all facts relevant to the underlying criminal
conduct or all facts known to either party that relate to that
conduct.

During the period alleged in the second superseding information,
defendant was a company located in Los Angeles County, within the
Central District of California, that remediated and transported storm
water for its customers.  Co-defendant United Pumping Service, Inc.
was a company located in Los Angeles County that remediated and
transported industrial wastes, including industrial wastewater, for
its customers.  Company 1 was a business entity located in San
Bernardino County that treated and disposed of industrial wastewater
that it received from its customers.

Company 1 was a business entity located in San Bernardino County
that treated and disposed of industrial wastewater that it received
from its customers.

5

1      The Federal Water Pollution Control Act, commonly known as the

2  Clean Water Act ("Clean Water Act"), established the basic structure

3  for regulation of pollutant discharges in the waters of the United

4  States and authorized the United States Environmental Protection

5  Agency ("EPA") to implement pollution control programs, such as

6  setting wastewater standards for industry.

7      Under the Clean Water Act, "pretreatment" included the reduction

8  of the amount of pollutants, the elimination of pollutants, or the

9  alteration of the nature of pollutant properties in wastewater before

10  discharging such pollutants into a publicly owned treatment works.

11  ("POTW").  A POTW was a public facility, such as a sewage treatment

12  plant, that treated municipal sewage or industrial waste of a liquid

13  nature.  The term "POTW" included any sewer, pipe, or other

14  conveyance that conveyed water to a POTW.

15      The County Sanitation Districts of Los Angeles ("LA County

16  Sanitation") operated a POTW ("the LA County Sanitation POTW").  In

17  1985, the EPA approved LA County Sanitation's POTW Pretreatment

18  Program under Title 33, United States Code, Section 1342(a)(3).  That

19  pretreatment program included a limitation on the discharge of

20  certain toxic pollutants and prohibited the LA County Sanitation POTW

21  from discharging wastewater that had an arsenic concentration greater

22  than three milligrams per liter ("3 mg/L").  That limitation remained

23  in effect through and beyond 2015.

24      Company 1 had a discharge permit issued by LA County Sanitation

25  that, under certain conditions and requirements, allowed Company 1 to

26  discharge treated industrial wastewater to the LA County Sanitation

27  POTW.  The discharge permit issued to Company 1 by LA County

28

6

1   Sanitation required that Company 1 not accept, store, or treat any
2   wastewater that had an arsenic concentration greater than 3 mg/L.

3   In or about April 2015, Company 2 hired defendant and co-
4   defendant United Pumping Service, Inc. to remove and transport
5   industrial wastewater that had an arsenic concentration of more than
6   3 mg/L.  Email correspondence sent by Company 2 to defendant and co-
7   defendant United Pumping Service indicated that the arsenic
8   concentration of the industrial wastewater was more than 3 mg/L.

9   Subsequently, from approximately May 11, 2015, to May 15, 2015,
10  defendant and co-defendant United Pumping Service, aiding and
11  abetting each other, transported and delivered six separate loads of
12  industrial wastewater, as documented on the non-hazardous waste
13  manifest numbers listed below, each containing more than 3 mg/L of
14  arsenic, to Company 1 for treatment.  Despite Company 2 informing
15  defendant and co-defendant United Pumping Service of the arsenic
16  concentration of the wastewater, defendant and co-defendant United
17  Pumping Service failed to notify Company 1 of the arsenic
18  concentration of the wastewater it delivered to Company 1.  As a
19  result, Company 1 accepted and discharged the industrial wastewater
20  containing more than 3 mg/L of arsenic to the LA County Sanitation
21  POTW.  Company 1's discharge of the arsenic-contaminated wastewater
22  to the LA County Sanitation POTW violated Company 1's discharge
23  permit and violated a requirement of the LA County Sanitation POTW's
24  pretreatment program.

| DATE | NON-HAZARDOUS WASTE MANIFEST NUMBER |
|------|-------------------------------------|
| May 11, 2015 | 112300 |
| May 12, 2015 | 113103 |

| DATE | NON-HAZARDOUS WASTE MANIFEST NUMBER |
|------|-------------------------------------|
| May 12, 2015 | 113104 |
| May 13, 2015 | 113105 |
| May 13, 2015 | 113106 |
| May 15, 2015 | 107967 |

SENTENCING AGREEMENT

10.   Defendant and the USAO agree and stipulate that, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and 8C2.10, the Sentencing Guidelines are not applicable in determining the fine for an organization violating statutes relating to the environment, but that all other sections of Chapter 8 of the U.S.S.G. are applicable in this case, including the provisions regarding probation and restitution.   Defendant understands that in determining defendant's sentence, the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant agrees that at the time of sentencing the Court may consider any uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departures from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

11.   Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2, and the factors set forth in Title 18, United States Code, Section 3553(a), including the nature and circumstances of the offenses and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for

8

the laws, to provide just punishment for the offenses, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, the parties agree to recommend and advocate that the Court impose the following sentence:

a.   Probation: Defendant shall be sentenced to a three-year term of probation with conditions to be fixed by the Court, including, but not limited to, the maintenance of a compliance program that includes, but is not limited to, intake procedures and intake forms, training of employees, managerial oversight and review of intake forms and procedures, and annual internal auditing to make sure that defendant complies with those provisions of the Hazardous Materials Transportation Act, the Clean Water Act, and the Resource Recovery and Conservation Act that apply to defendant's operations as a waste transporter.  Defendant will also provide the USAO with a copy of its annual internal audit report of its compliance program within two weeks of its issuance.

b.   Criminal Fine: Defendant shall pay a criminal fine of $375,000.  The criminal fine shall be paid as follows:  (1) $250,000 within two weeks of the date the sentence is imposed; (2) $75,000 on or before June 30, 2021; $50,000 on or before June 30, 2022. Defendant shall be jointly and severally liable for any fine that the Court imposes upon co-defendant United Pumping Service, Inc.

c.   Special Assessment: Defendant shall pay a total special assessment of $500 as ordered by the Court.

WAIVER OF CONSTITUTIONAL RIGHTS

12.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

9

1          b.    The right to a speedy and public trial by jury.

2          c.    The right to be represented by counsel at trial.

3 Defendant understands, however, that, defendant retains the right to

4 be represented by counsel at every other stage of the proceeding.

5          d.    The right to be presumed innocent and to have the

6 burden of proof placed on the government to prove defendant guilty

7 beyond a reasonable doubt.

8          e.    The right to confront and cross-examine witnesses

9 against defendant.

10          f.    The right to testify and to present evidence in

11 opposition to the charges, including the right to compel the

12 attendance of witnesses to testify.

13          g.    The right not to be compelled to testify, and, if

14 defendant chose not to testify or present evidence, to have that

15 choice not be used against defendant.

16          h.    Any and all rights to pursue any affirmative defenses,

17 Fourth Amendment or Fifth Amendment claims, and other pretrial

18 motions that have been filed or could be filed.

19                    <u>WAIVER OF APPEAL OF CONVICTION</u>

20    13.    Defendant understands that, with the exception of an appeal

21 based on a claim that defendant's guilty pleas were involuntary, by

22 pleading guilty defendant is waiving and giving up any right to

23 appeal defendant's convictions on the offenses to which defendant is

24 pleading guilty.  Defendant understands that this waiver includes,

25 but is not limited to, arguments that the statutes to which defendant

26 is pleading guilty are unconstitutional, and any and all claims that

27 the statement of facts provided herein is insufficient to support

28 defendant's pleas of guilty.

1               LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

2         14.   Defendant agrees that, provided the Court imposes a

3 sentence at or below the statutory maximum, defendant gives up the

4 right to appeal any portion of the sentence.

5         15.   The USAO agrees that, provided the Court imposes the

6 sentence specified in paragraph 11, the USAO gives up its right to

7 appeal any portion of the sentence.

8               RESULT OF WITHDRAWAL OF GUILTY PLEA

9         16.   Defendant agrees that if, after entering guilty pleas

10 pursuant to this agreement, defendant seeks to withdraw and succeeds

11 in withdrawing defendant's guilty pleas on any basis other than a

12 claim and finding that entry into this plea agreement was

13 involuntary, then (a) the USAO will be relieved of all of its

14 obligations under this agreement; and (b) should the USAO choose to

15 pursue any charge or any civil, administrative, or regulatory action

16 that was either dismissed or not filed as a result of this agreement,

17 then (i) any applicable statute of limitations will be tolled between

18 the date of defendant's signing of this agreement and the filing

19 commencing any such action; and (ii) defendant waives and gives up

20 all defenses based on the statute of limitations, any claim of pre-

21 indictment delay, or any speedy trial claim with respect to any such

22 action, except to the extent that such defenses existed as of the

23 date of defendant's signing this agreement.

24                  EFFECTIVE DATE OF AGREEMENT

25         17.   This agreement is effective upon signature and execution of

26 all required certifications by defendant, defendant's counsel, and an

27 Assistant United States Attorney.

28

BREACH OF AGREEMENT

18.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.   All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

19.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

     a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

     b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1          c.    Defendant agrees that: (i) any statements made by

2  defendant, under oath, at the guilty plea hearing (if such a hearing

3  occurred prior to the breach); (ii) the agreed to factual basis

4  statement in this agreement; and (iii) any evidence derived from such

5  statements, shall be admissible against defendant in any such action

6  against defendant, and defendant waives and gives up any claim under

7  the United States Constitution, any statute, Rule 410 of the Federal

8  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

9  Procedure, or any other federal rule, that the statements or any

10 evidence derived from the statements should be suppressed or are

11 inadmissible.

12              COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

13                            OFFICE NOT PARTIES

14      20.   Defendant understands that the Court and the United States

15 Probation and Pretrial Services Office are not parties to this

16 agreement and need not accept any of the USAO's sentencing

17 recommendations or the parties' agreements to facts or sentencing

18 factors.

19      21.   Defendant understands that both defendant and the USAO are

20 free to: (a) supplement the facts by supplying relevant information

21 to the United States Probation and Pretrial Services Office and the

22 Court, (b) correct any and all factual misstatements relating to the

23 Court's Sentencing Guidelines calculations and determination of

24 sentence, and (c) argue on appeal and collateral review that the

25 Court's Sentencing Guidelines calculations and the sentence it

26 chooses to impose are not error.  While this paragraph permits both

27 the USAO and defendant to submit full and complete factual

28 information to the United States Probation and Pretrial Services

                                  13

Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

22.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

23.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

14

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

24.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

_____          06/02/2020
DENNIS MITCHELL                    _____
HEATHER C. GORMAN                  Date
Assistant United States Attorneys

_____          6/1/20
UNITED STORM WATER, INC.           _____
Defendant                          Date

By:  EDUARDO PERRY JR

Its: PRESIDENT

_____          6/1/2020
THERESA KRISTOVICH                 _____
Attorney for Defendant United Storm    Date
Water, Inc.

CERTIFICATION OF DEFENDANT

I have been authorized by defendant United Storm Water, Inc. to enter into this agreement on behalf of defendant.  I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with defendant's attorney.  I understand the terms of this agreement on behalf of defendant.  I have discussed the evidence with defendant's attorney, and defendant's attorney has

advised me of defendant's rights, of possible pretrial motions that
might be filed, of possible defenses that might be asserted either
prior to or at trial, of the sentencing factors set forth in 18
U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and
of the consequences of entering into this agreement.  No promises,
inducements, or representations of any kind have been made to me
other than those contained in this agreement.  No one has threatened
or forced me in any way to enter into this agreement.  I am satisfied
with the representation of defendant's attorney in this matter, and I
am pleading guilty on behalf of defendant because defendant is guilty
of the charges and wishes to take advantage of the promises set forth
in this agreement, and not for any other reason.

_____          _____
UNITED STORM WATER, INC.               Date   6/1/20
Defendant

By: EDUARDO PERRY JR

Its: PRESIDENT

CERTIFICATION OF DEFENDANT'S ATTORNEY

    I am defendant United Storm Water, Inc.'s attorney.  I have
carefully and thoroughly discussed every part of this agreement with
my client.  Further, I have fully advised my client of its rights, of
possible pretrial motions that might be filed, of possible defenses
that might be asserted either prior to or at trial, of the sentencing
factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing
Guidelines provisions, and of the consequences of entering into this
agreement.  To my knowledge: no promises, inducements, or
representations of any kind have been made to my client other than
those contained in this agreement; no one has threatened or forced my

1   client in any way to enter into this agreement; my client's decision

2   to enter into this agreement is an informed and voluntary one; and

3   the factual basis set forth in this agreement is sufficient to

4   support my client's entry of guilty pleas pursuant to this agreement.

5   *[signature]*

6   THERESA KRISTOVICH                          6/1/2020
    Attorney for Defendant United Storm         Date
7   Water, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 18-448(B)-DMG |
|       Plaintiff, | S E C O N D |
| | S U P E R S E D I N G |
|       v. | I N F O R M A T I O N |
| UNITED PUMPING SERVICE, INC., and UNITED STORM WATER, INC., | [33 U.S.C. §§ 1317(d), 1319(c)(1)(A): Negligently Causing Violation of Pretreatment Program Requirement] |
|       Defendants. | [CLASS A MISDEMEANOR] |

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

A.   <u>The Defendants and Company 1</u>

1.   Defendant UNITED PUMPING SERVICE, INC. was a company located in Los Angeles County, within the Central District of California, that remediated and transported industrial wastes, including industrial wastewater, for its customers.

2.   Defendant UNITED STORM WATER, INC. was a company located in Los Angeles County, within the Central District of California, that remediated and transported storm water for its customers.

3.   Company 1 was a non-hazardous waste facility located in San Bernardino County, within the Central District of California, that

treated and disposed of industrial wastewater that it received from its customers.

B.    The Clean Water Act

4.    The Federal Water Pollution Control Act, commonly known as the Clean Water Act (the "Clean Water Act"), established the basic structure for regulation pollutant discharges in the waters of the United States and authorized the United States Environmental Protection Agency ("EPA") to implement pollution control programs, such as setting wastewater standards for industry.

5.    "Pollutant" meant, among other things, chemical and industrial waste.  33 U.S.C. § 1362(6).

6.    Publically Owned Treatment Works ("POTWs") were public facilities such as sewage treatment plants that treat municipal sewage or industrial waste of a liquid nature.  The term "POTWs" included sewers, pipes, or other conveyances that convey water to a POTW.  40 C.F.R. § 403.3(q).

7.    "Pretreatment" included the reduction of the amount of pollutants, the elimination of pollutants, or the alteration of the nature of pollutant properties in wastewater before discharging such pollutants into a POTW.  40 C.F.R. § 403.3(s).

8.    Specific limits on pollutants or pollutant parameters developed by a POTW were deemed to be pretreatment standards for purposes of 33 U.S.C. § 1317(d).  40 C.F.R. § 403.5.

9.    The County Sanitation Districts of Los Angeles ("LA County Sanitation") operated a POTW ("the LA County Sanitation POTW").

10.   Under the Clean Water Act, the LA County Sanitation POTW was required to establish a POTW Pretreatment Program that, among

2

other things, set forth local limits for the discharge of pollutants. 40 C.F.R. § 403.8.

11.   In 1985, the EPA approved LA County Sanitation's POTW Pretreatment Program.  That pretreatment program included a limitation on the discharge of certain toxic pollutants and prohibited the LA County Sanitation POTW from discharging wastewater that had an arsenic concentration greater than three milligrams per liter ("3 mg/L").  That limitation remained in effect through and beyond 2015.

12.   Pursuant to the EPA's approval of LA County Sanitation's POTW Pretreatment Program, LA County Sanitation was authorized to issue permits to industrial users for the discharge of treated wastewater to a POTW.

13.   Company 1 had a discharge permit issued by LA County Sanitation that, under certain conditions and requirements, allowed Company 1 to discharge treated industrial wastewater to the LA County Sanitation POTW.

14.   The discharge permit issued to Company 1 by LA County Sanitation required that Company 1 not accept, store, or treat any wastewater that had an arsenic concentration greater than 3 mg/L.

15.   The conditions and requirements under the discharge permit issued to Company 1 were enforced by LA County Sanitation.

16.   These Introductory Allegations are incorporated into each count of this Information.

COUNTS ONE THROUGH FOUR

[33 U.S.C. §§ 1317(d), 1319(c)(1)(A); 18 U.S.C. § 2(b)]

[ALL DEFENDANTS]

On or about the dates set forth below, in San Bernardino County, within the Central District of California, defendants UNITED PUMPING SERVICE, INC. and UNITED STORM WATER, INC., by delivering industrial wastewater to Company 1, as documented on the non-hazardous waste manifest numbers listed below, negligently caused to be violated a requirement of a pretreatment program approved under Title 33, United States Code, Section 1342(a)(3), namely, the County Sanitation Districts of Los Angeles's pretreatment program requirement that Company 1 not accept wastewater for treatment that had an arsenic concentration greater than three milligrams per liter, in violation of Title 33, United States Code, section 1319(c)(1)(A).

| COUNT | DATE | NON-HAZARDOUS WASTE MANIFEST NUMBER |
|-------|------|-------------------------------------|
| ONE | May 11, 2015 | 112300 |
| TWO | May 12, 2015 | 113103 |
| THREE | May 12, 2015 | 113104 |

//

//

//

4

| COUNT | DATE | NON-HAZARDOUS WASTE MANIFEST NUMBER |
|-------|------|-------------------------------------|
| FOUR | May 13, 2015 | 113105 |

NICOLA T. HANNA
United States Attorney


BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental and Community
Safety Crimes Section

MARK A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Environmental and
Community Safety Crimes Section

DENNIS MITCHELL
HEATHER C. GORMAN
Assistant United States Attorneys
Environmental and Community Safety
Crimes Section

5